UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAROLD WILLIAMS,

    PLaintiff,                      CASE NO.:

v.

ONEMAIN FINANCIAL GROUP, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    COMES NOW Plaintiff, HAROLD WILLIAMS, by and through the undersigned counsel, and sues Defendant, ONEMAIN FINANCIAL GROUP, LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

    1.    The TCPA was enacted to prevent companies like ONEMAIN FINANCIAL GROUP, LLC from invading American citizen's privacy and prevent abusive "robo-calls."

    2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

    3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

1

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4.      "No one can deny the legitimacy of the state's goal: Preventing the (at home or in one's pocket) from frequently ringing with unwanted calls. Every call use some of the phone owner's time and metal energy, both of which are precious. Most members of the public want to limit calls, especially cellular telephone calls, to family and acquaintances, and to get their political information (not to mention their advertisements) [*6] in other ways." Patriotic Veterans v. Zoeller, No, 16-2059, 2017 U.S. LEXIS 47, at *5-6 (7th Cir. Jan 3, 2017)

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See

*Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.      The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida

10.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11.     Plaintiff is an "alleged debtor."

12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.     Defendant is a corporation which was formed in Baltimore with its principal place of business located at 100 International Dr. 18th FL, Baltimore, MD 21202 and which conducts business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15.     Defendant is a "creditor" as defined in Florida Statute §559.55(5).

16.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (813) ***-8673 and was the called party and recipient of Defendant's calls.

17.     In or about June of 2014, Plaintiff began receiving telephone calls to his aforementioned cellular telephone number from Defendant seeking to recover an alleged debt.

18.     Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone numbers (813) 654-2515, (888) 921-2342, and (813) 280-3383.

19.     Defendant placed an exorbitant number of (813) ***-8673 to Plaintiff's cellular telephone in an attempt to collect on a personal loan.

20.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received, he heard a pause when he answered his phone before a voice came on the line and he received per-recorded messages from Defendant.

21.     Furthermore, some or all of the calls at issue were placed by the defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(B)(1)(A).

22.     Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

23.     On several occasions over the last four (4) years Plaintiff instructed Defendant's agent/representative to stop calling his cellular telephone.

24.     In or about November of 2017, Plaintiff answered a call from Defendant to his aforementioned cellular telephone number, met with an extended pause, held the line and was

4

eventually connected to a live representative, and informed an agent/representative of Defendant of his current financial situation and that he would pay the bill when he is able to make a payment. Plaintiff then demanded Defendant's agent/representative to stop calling his cellular telephone number.

25.     During the aforementioned call with Defendant's agent/representative in or about November of 2017, Plaintiff unequivocally revoke any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

26.     Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

27.     Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiff on his cellular telephone, Defendant continues to place automated calls to Plaintiff.

28.     Defendant called Plaintiff on Plaintiff's cellular telephone approximately three hundred (300) times in an attempt to collect a debt.

29.     None of the Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

30.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

31.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendant to remove the number.

32.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff; despite these individuals explaining to Defendant they wish for the calls to stop.

33.     Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

34.     Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

35.     Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

36.     Defendant's corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

37.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

38.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

39.     From each and every call placed without consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

40.     From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's calls.

41.     From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for

the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

42.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

43.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

44.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's telephone or network.

45.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

46.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress.

## COUNT I
### (Violation of the TCPA)

47.    Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

48.    Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

49.    Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ONEMAIN FINANCIAL GROUP, LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

50.    Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-six (46) as if fully set forth herein

51.    At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

52.    Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

53.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

54.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ONEMAIN FINANCIAL GROUP, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

**/s/ Octavio Gomez**
Octavio Gomez, Esquire
Florida Bar No.: 0338620
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Primary Email: TGomez@ForThePeople.com
Secondary Email: LDobbins@ForThePeople.com
*Attorney for Plaintiff*

# CALL LOG FOR (813) ***-8673

| No. | Date | Time | Phone Number |
|---|---|---|---|
| 1. | 03/10/2018 | 11:20 a.m. | (813) 654-2515 |
| 2. | 03/13/2018 | 6:54 p.m. | (813) 654-2515 |
| 3. | 03/14/2018 | 8:42 a.m. | (813) 654-2515 |
| 4. | 03/15/2018 | 9:19 a.m. | (813) 654-2515 |
| 5. | 03/16/2018 | 9:57 a.m. | (813) 654-2515 |
| 6. | 03/19/2018 | 8:11 a.m. | (813) 654-2515 |
| 7. | 03/19/2018 | 3:32 p.m. | (813) 654-2515 |
| 8. | 03/20/2018 | 8:03 a.m. | (813) 654-2515 |
| 9. | 03/21/2018 | 8:02 a.m. | (813) 654-2515 |
| 10. | 03/22/2018 | 11:04 a.m. | (813) 654-2515 |
| 11. | 03/22/2018 | 3:34 p.m. | (813) 654-2515 |
| 12. | 03/23/2018 | 9:33 a.m. | (813) 654-2515 |
| 13. | 03/24/2018 | 9:03 a.m. | (813) 654-2515 |
| 14. | 03/27/2018 | 12:36 p.m. | (813) 654-2515 |
| 15. | 03/27/2018 | 4:41 p.m. | (813) 654-2515 |
| 16. | 03/28/2018 | 9:35 a.m. | (813) 654-2515 |
| 17. | 03/28/2018 | 1:40 p.m. | (813) 654-2515 |
| 18. | 03/28/2018 | 2:06 p.m. | (813) 654-2515 |
| 19. | 03/29/2018 | 10:42 a.m. | (813) 654-2515 |
| 20. | 03/29/2018 | 6:19 p.m. | (813) 280-3383 |
| 21. | 03/30/2018 | 8:29 a.m. | (813) 654-2515 |
| 22. | 04/04/2018 | 8:37 a.m. | (888) 921-2342 |
| 23. | 04/09/2018 | 12:15 p.m. | (888) 921-2342 |
| 24. | 04/10/2018 | 4:26 p.m. | (888) 921-2342 |

**EXHIBIT A**